## William Galloway v. Horace Wilder.

*Reservation: Tail-race: Right of way: Site.* A reservation in a deed, of "the right of way for a tail-race," etc., and which does not fix the line of the contemplated race, does not save the right to have more than one race, or authorize any material change in the site, when once ascertained and established.

*Estoppel: Fixing locality of right of way.* The fact that in 1868, and before the trespass for which this suit is brought was committed, the parties mutually considered and treated an old race on the premises as the site of the privilege secured by the reservation, gave that privilege a definite locality, and attached it to the site of such old race; and the defendant was not at liberty afterwards to repudiate the past, and shift the burden of his privilege from place to place at his option.

*Heard October 26. Decided October 29.*

Case made from Kent Circuit.

*Taggart & Allen,* for plaintiff.

*Lowing, Cross & Angel,* for defendant.

GRAVES, J.

Galloway sued Wilder before a justice of the peace, for trespass upon land, and under the statute, the cause was certified to the circuit court, where the defendant recovered judgment.

The cause comes into this court upon a case made, pursuant to *section 3421, Comp. L.,* and it purports to contain

the facts and conclusions of law found by the court, and not the evidence given. Under the exceptions stated, the only question is as to the judgment which the facts require.

The facts, as found, cannot be very well explained without the aid of a diagram.

The point in the case arises upon the right of the defendant, under a reservation in his deed, to go upon the land of the plaintiff, which the latter held subject to the reservation, and there make a ditch, or mill-race. When the deed containing the reservation was given, a race ran from certain works of the defendant northerly, and into Buck Creek, about thirty rods from the place where the creek empties into Grand River. The defendant claims the right, under the reservation in his deed, to make a new ditch or race, crossing the old one at a point near its junction with the creek, and then on in a nearly straight line to the Grand River; and the assertion of this claim by going onto the plaintiff's land, and ploughing it up just north of the old race and near its juncture with the creek, is the trespass complained of.

The reservation in the deed is as follows: " The right of way for a tail-race across said northwest fractional quarter of section number eighteen, with the right of ingress, egress and regress, and the privilege of making excavations or embankments, and moving such earth or stone as may be necessary to make a tail-race as deep or wide as the improvement of the water-power belonging to the party of the first part, for his furnace or machine shop or mill, may require."

Now, this language does not fix the line of the contemplated race. Neither does it save the right to have more than one, or authorize any material change in the site, when once ascertained and established.

Admitting that the deed secures the easement but does

not fix its local position, it is material to see whether the parties have in any way determined this point. Because, if they have, all uncertainty is removed, and the privilege of the defendant has become attached to a definite site, and his rights have ascertained boundaries.

On turning to the record, we observe that the court finds that, in 1868, the plaintiff felled a tree across the old race, when the defendant remonstrated with him, and claimed that he, the defendant, had a right in that race; that, in the same season, the plaintiff having obstructed the race with logs and timber, which set the water back, the defendant complained about it to the plaintiff, and asserted that the plaintiff was filling up his, the defendant's, race, and that the plaintiff then assured the defendant that he had no intention to obstruct the water, and if what he had done produced that effect, he would remove the obstruction when the defendant wanted to use the race.

We have, then, the fact found by the court, that in 1868, and long before the act of trespass, the parties mutually considered and treated the old race as the site of the privilege secured by the reservation. And if the privilege was before that afloat, the conduct of the parties, as shown by the finding, then gave it a definite locality, and attached it to the site of the old race; and the defendant is not at liberty to now repudiate the past, and shift the burden of his privilege from place to place at his option.

Having reached this result, we find that the conclusion of law adopted by the court below was erroneous, and that the plaintiff is entitled to judgment.

The judgment of the circuit court must be reversed, and judgment must be entered in this court for the plaintiff, for the damages found by the court below, being ten dollars, together with his costs of both courts.

The other Justices concurred.